# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **AARON LAMONT JOHNSON,** | |
| **PLAINTIFF,** | **CASE NO:** |
| v. | |
| **CURTIS JACKSON, A/K/A, 50 CENT, ISIAH WRIGHT, JR., JOHN DOE, OWNER OF G UNIT FILMS CORPORATION, AND JOHN DOE, OWNER OF ABC 33/40 CORPORATION,** | **REMOVED FROM THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA, BESSEMER DIVISION (CASE NO. CV-2020-15)** |
| **DEFENDANTS.** | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Sinclair Television Stations, LLC, improperly identified as "John Doe Owner of ABC 33/40 Corporation" ("Defendant") by and through its undersigned counsel, hereby remove this action to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. § 1332(a)(1) and (c). The grounds for removal of this action are as follows:

**I.     The State Court Action**

1.     Plaintiff commenced this action on April 28, 2020, in the Circuit Court for Jefferson County, Alabama, Bessemer Division, Case No. CV-2020-15

(the "State Court Action"). A true and correct copy of the Complaint (the "Complaint") filed in the State Court Action is attached as Exhibit 1. Plaintiff, who is incarcerated and acting *pro se*, asserts claims for violation of his "Right to Privacy" and "Right to Publicity" arising out of the television show "For Life" that airs on his local ABC affiliate. He has identified that affiliate as "ABC 33/40." He alleges that his right to privacy derives from the "First Amendment of the United States Constitution." (Ex. 1, Par. 8.) In addition to asking that "For Life" be taken off the air, Plaintiff demands $150 Million in damages.

2. Defendant is the owner and operator of television broadcast station WBMA, which is an ABC network affiliate. On September 30, 2020, a copy of a summons and complaint was delivered to the office of the ABC 33/40 television station in Hoover, Alabama addressed to "John Doe Owner of ABC 33/40 Corporation." A copy of the summons and complaint delivered on September 30, 2020, is attached as Exhibit 2.

3. It does not appear that Plaintiff has served the remaining named Defendants in this matter, Isaac Wright, Jr. ("Wright"), misidentified as Isiah Wright, Jr., in the Complaint[1], and Curtis Jackson, a/k/a 50 Cent ("Jackson").

---

[1] See https://en.wikipedia.org/wiki/Isaac_Wright_Jr. (accessed 10/30/20). The show fictitious show "For Life" is based on Wright's life.

**Error! Unknown document property name.**

## II.     This Court Has Original Jurisdiction Under 28 U.S.C. § 1332(a)(1) and (c)

4.     This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) and (c) because it is a civil action between citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1441(a), Defendants may therefore remove this action to this Court.

### A.     Diversity Of Citizenship Exists

5.     Plaintiff is a citizen of the state of Alabama.

6.     Upon information and belief, Wright is a citizen of the state of New Jersey.  He is not a citizen of the State of Alabama.

7.     Upon information and belief, Jackson is a citizen of either the state of New York, California, or Nevada.  He is not a citizen of the state of Alabama.

8.     Defendant is an LLC organized under the laws of the state of Delaware.  Its principal place of business is in Maryland.  Its sole member is Perpetual Corporation which is organized under the law of the state of Delaware. Perpetual Corporation's principal place of business is also in Maryland.

9.     This action is therefore one between citizens of different states for purposes of 28 U.S.C. § 1332(a)(1) and (c), because Plaintiff, on one hand, is a citizen of Alabama and Defendants, on the other hand, are citizens of several states other than Alabama.

**B.     The Amount in Controversy**

10.     In addition to removing the "For Life" television show from the air, Plaintiff seeks $150 million in damages on the face of the Complaint. (Ex. 1, p. 7.) This greatly exceeds the $75,000 amount in controversy requirement. 28 U.S.C. § 1332(a).

**III.    Alternatively, This Court Has Original Jurisdiction Under 28 U.S.C. § 1331.**

11.     This Court has original jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiff alleges that his right to privacy, which has allegedly been violated, derives from the First Amendment of the United States Constitution. (Ex. 1, ¶ 8.) Plaintiff alleges that Defendants have violated Alabama's Right to Privacy Act, which provides that it will not "allow for an abridgement of free speech rights under the First Amendment of the United States Constitution." Ala. Code § 6-5-773. Defendant(s) expect to show that the "For Life" program at issue is an exercise of free speech rights under the First Amendment of the United States Constitution. Thus, Plaintiff's claims directly implicate the U.S. Constitution and establishing that the claims do not abridge First Amendment rights is a necessary element of Plaintiff's claims, allowing Defendant to remove this action to this Court.

**Error! Unknown document property name.**

## IV. All Procedural Requirements For Removal Are Satisfied

12. This Notice of Removal is timely because Defendant filed it less than 30 days after receiving the Complaint. *See* 28 U.S.C. § 1446(b)(1).

13. As required under 28 U.S.C. § 1446(d), Defendants will promptly send written notice of the removal of the State Court Action to Plaintiff and shall promptly file a copy of this Notice with the clerk of the Circuit Court for Jefferson County, Alabama, Bessemer Division. This "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

14. Pursuant to 28 U.S.C. § 1446(c) this Notice of Removal is being filed less than one year after suit was commenced in the State Court and filed in compliance with 28 U.S.C.§ 1446.

15. Defendants have not attempted to litigate this case in state court or taken any action that could be construed as a waiver of its right of removal. All filings in state court are attached to this Notice, jointly, as Exhibit 3.

16. There are no defendants whose consent is required for removal of the State Court Action to this Court. No other defendants have been properly joined and served. 28 U.S.C. § 1446(b)(2)(A)

17. In accordance with 28 U.S.C. § 1441(a), venue of the removed action lies in the United States District Court for the Northern District of Alabama,

Error! Unknown document property name.

Southern Division, because the State Court Action was filed within this judicial district and this division.

18.   The Complaint purports to state claims against unnamed and fictitious defendant(s) identified as the owner(s) of "G Unit Films."  For purposes of this removal "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

19.   Nothing contained in this Notice shall be construed as a waiver of any defense or claim, or an admission of any allegation in the Complaint.

Respectfully submitted,

/s/*J. Evans Bailey*
Bar ID ASB-9995-J61B
Dennis R. Bailey
Bar ID ASB-4845-I71D
*Attorneys for Defendant*
Sinclair Television Stations, LLC, improperly identified as "John Doe Owner of ABC 33/40 Corporation"

**OF COUNSEL**:
Rushton Stakely Johnston & Garrett, P.A.
184 Commerce Street (36104)
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3100
(334) 481-0848 (fax)
ebailey@rushtonstakely.com (E. Bailey email)
drb@rushtonstakely.com  (D. Bailey email)

6

**Error! Unknown document property name.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on October 30, 2020, the foregoing **Notice of Removal** was served upon the following first-class U.S. mail as follows:

>Aaron Lamont Johnson
>AIS#190394
>100 Warrior Lane
>Bessemer, Alabama 350243

By: /s/ *J. Evans Bailey*

**Error! Unknown document property name.**