UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AARON LAMONT JOHNSON, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:20-cv-1710-RDP |
| } | |
| CURTIS JACKSON, et al., } | |
| } | |
| Defendants. } | |

**MEMORANDUM OPINION**

This matter is before the court on Defendant John Doe Owner of ABC 33/40 Corporation's[1] Motion to Dismiss (Doc. # 5) Plaintiff Aaron Lamont Johnson's Complaint (Doc. # 1-1) for failure to state a claim upon which relief can be granted. The Motion is fully briefed. (Docs. # 6, 33). After careful consideration, and for the reasons discussed below, Joe Doe Owner's Motion to Dismiss (Doc. # 5) is due to be granted.

**I.      Background[2]**

Plaintiff is a prisoner in the custody of the Alabama Department of Corrections at its William E. Donaldson correctional facility. (Doc. # 1-1 ¶ 3). Plaintiff was convicted of murder and sentenced to life without parole.[3] (Doc. # 5-3 at 2). Plaintiff alleges that "police informers caused [him] to be wrongfully convicted," the government "withheld and suppressed exculpatory evidence," and he is "actual[ly] innocent." (Doc. # 1-1 ¶¶ 29, 15, 30).

---

[1] Defendant appeared as Sinclair Television Stations, LLC. (Doc. # 4). The other Defendants have not appeared in this case.

[2] For purposes of ruling on John Doe Owner's Motion to Dismiss (Doc. # 5), the court treats the factual allegations of the complaint as true, but not its legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

[3] The court takes judicial notice of state-court decisions. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020) (holding courts can take judicial notice of state-court case records).

While incarcerated, Plaintiff has earned a "legal degree[]." (*Id.* ¶ 17). He has represented himself and "other prisoners in court and prison [a]dministrative proceedings." (*Id.* ¶ 18). And, prisoners have been released as a result of these proceedings. (*Id.* ¶ 19).

Plaintiff mailed copies of his life story and criminal records to Defendants. (*Id.* ¶ 9). Plaintiff alleges that Defendants, "without his consent[,] benefited from the commercial use of his name and life story [] by imitating him on the public television show 'For Life' as [the] fictional character 'Aaron Wallace.'" (*Id.* ¶ 8). Plaintiff alleges a few "similarities" between "his life story and [Defendants'] fictional character" Wallace. (*Id.* ¶ 11). Specifically, he alleges that both he and the fictional character share common characteristics: they have the same first name, "Aaron"; they each claim they are innocent of the crimes for which they were convicted; they each claim police informers caused them to be wrongly convicted; they each claim prosecutors withheld exculpatory evidence from their defenses; they each have "legal degrees"; and they each have generally and successfully prevailed in litigation freeing other prisoners and obtaining other relief against wardens of prisons. (*Id.* ¶¶ 12-15, 17-21).

Based on these allegations, Plaintiff asserts two claims against Defendants. In Count One, Plaintiff contends that Defendants violated his "right to pr[]ivacy under the First Amendment of the United States Constitution and Section 3 of the Alabama Constitution." (*Id.* ¶ 8). In Count Two, he asserts that Defendants violated his "right of publicity" under the Alabama Right of Publicity Act. (*Id.* ¶ 24).

## II.     Standard of Review

The Federal Rules of Civil Procedure require a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must include enough facts "to raise a right to relief above the speculative level." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that include nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor will "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion, the court views a complaint's allegations in the light most favorable to the non-movant. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(b), a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" a complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. Appx. 136, 138 (11th Cir. 2011) (unpublished) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). The task is context specific and, to survive the motion, allegations must permit the court, based on its "judicial experience and common sense ... to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a plausible claim, dismissal is appropriate. *Twombly*, 550 U.S. at 570.

### III. Analysis

John Doe Owner has moved for the dismissal of Plaintiff's Complaint (Doc. # 1-1) for failure to state a claim upon which relief can be granted. (Doc. # 6). Specifically, John Doe Owner argues Plaintiff's complaint is due to be dismissed under Rule 12(b)(6) for failing to allege a claim under the Alabama Right of Publicity Act, for falling into the fair use exception of the Alabama Right of Publicity Act, and because Defendants' television show is protected under the First Amendment. (*Id.*). The court agrees. Each of these three reasons provides an independent and alternative ground for dismissing Count Two. Accordingly, John Doe Owner's motion is due to be granted. Before addressing John Doe Owner's arguments, the court first addresses Plaintiff's right to privacy claim.

#### A. Right to Privacy

In Count One, Plaintiff alleges that Defendants violated his "right to privacy" under the First Amendment of the United States Constitution and Section 4 of the Alabama Constitution of 1904. (Doc. # 1-1 at 3, ¶ 8). Count I is due to be dismissed because there is no right to privacy guaranteed under either of the federal and state constitutional provisions that Plaintiff has put at issue, at least in the context presented here. U.S. Const. amend. I; Ala. Const. § 4. Further, even if there is a right to privacy under either of the constitutional provisions Plaintiff points to, Defendants are private actors. Absent circumstances not present here, only state actors can infringe on an individual's constitutional rights. *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019); *State v. City of Birmingham*, 299 So. 3d 220, 234 (Ala. 2019).

### B. Right to Publicity

In Count Two, Plaintiff asserts a claim under the Alabama Right of Publicity Act,[4] alleging that Defendants violated his right of publicity by developing the character "Aaron Wallace" in the television show "For Life." (Doc. # 1-1 at 6 (citing Ala. Code §§ 6-5-772, 774)). The Right of Publicity Act imposes liability upon any "person or entity who uses or causes the use of the indicia of identity of a person, on or in products, goods, merchandise, or services … without [that person's] consent." Ala. Code § 6-5-772. And, Alabama defines indicia of identity to "[i]nclude those attributes of a person that serve to identify that person to an ordinary, reasonable viewer or listener, including, but not limited to, name, signature, photograph, image, likeness, voice, or a substantially similar imitation of one or more of those attributes." Ala. Code § 6-5-771(1). However, mere similar characteristics are not enough to infringe on a person's right of publicity "unless the plaintiff is identified by the defendant's use." Restatement (Third) of Unfair Competition § 46, comment d (1995).

There are two general categories of characteristics that Plaintiff alleges establish the indicia necessary to show that Defendants appropriated his identity in "For Life." But, these characteristics (alone or in combination) are insufficient as a matter of law to establish that Defendants violated Plaintiff's right of publicity. The first is Defendants' use of Plaintiff's first name. However, using a person's first name is insufficient as a matter of law to establish an indicia of identity where there is no significance between the first name and the context in which it is used. Restatement (Second) of Torts § 652C, comment c. (1977); *see, e.g.*, *Hooker v. Columbia Pictures Indus., Inc.*, 551 F. Supp. 1060, 1061 (N.D. Ill. 1982); *see Carson v. Here's Johnny Portable Toilets, Inc.*, 698 F.2d

---

[4] "The Act was enacted in 2015. Prior to the Act's passage, Alabama recognized a common-law right of privacy, which included protections for the unauthorized use of a person's identity for commercial purposes." *See Cargile v. Serial Prods., LLC*, 2019 WL 9904448, at *3 (N.D. Ala. Mar. 22, 2019) (citing *Bell v. Birmingham Broad. Co., Inc.*, 96 So. 2d 263, 265 (Ala. 1957)).

831, 836 (6th Cir. 1983) (holding that the phrase "Here's Johnny" identifies Johnny Carson only in context). Rather, a first name must be used in such a manner that it is "understood by the audience [that it] refers to the plaintiff." Restatement (Third) of Unfair Competition § 46, comment d (1995). Thus, Defendants' use of Plaintiff's first name is insufficient alone. *See Hooker*, 551 F. Supp. at 1061 (dismissing complaint where defendant's use of plaintiff's first *and* last name did not identify plaintiff); Restatement (Second) of Torts § 652C (1977) ("[T]he defendant is free to call himself by any name he likes, whether there is only one person or a thousand others of the same name.").

The second general category of allegations that Plaintiff asserts shows that Defendants wrongfully appropriated his identity relates to Plaintiff's life experience. However, the combination of Plaintiff's name and the events contained in his life story (that overlap with the fictional character, Aaron Wallace) is not enough to advance his claim. An indicia of identity does not include "include general incidents from a person's life, especially when fictionalized. The narrative of an individual's life, standing alone, lacks the value of a name or likeness" that the law protects. *Ruffin-Steinback v. dePasse*, 82 F. Supp. 2d 723, 730 (E.D. Mich. 2000), aff'd, 267 F.3d 457 (6th Cir. 2001) (internal quotation marks omitted) (citing *Matthews v. Wozencraft*, 15 F.3d 432 (5th Cir.1994)); *see Seale v. Gramercy Pictures*, 949 F. Supp. 331, 337 (E.D. Pa. 1996). Yet, this is exactly what Plaintiff alleges in his complaint. Based on the allegations in his Complaint, Plaintiff argues that a "fictional character" named Aaron who is a convicted felon, was exonerated, and then became a lawyer who represented criminal defendants, is clearly an appropriation of Plaintiff's identity and that Defendants are liable for using it. But, the right of publicity is not that broad. Indeed, "anyone is perfectly free to write a book about an idealistic young prosecutor on trial for a crime he didn't commit." *White v. Samsung Elecs. Am., Inc.*, 989 F.2d 1512, 1515 (9th

Cir. 1993) (Kozinski, J., dissenting). The identity characteristics that Plaintiff points to and claims were taken from him are too general and abstract in nature for Plaintiff to press this claim.

In addition to the scarcity of truly similar identifying characteristics, there are important distinctions between "Aaron Wallace" and Plaintiff. John Doe Owner requests the court to take judicial notice of additional facts that further support its argument that Plaintiff does not plead a claim upon which relief can be granted. (Doc. # 5). As just discussed, Plaintiff's Complaint (Doc. # 1-1) fails based on the allegations within the four corners of the Complaint. However, the court notes that it can take judicial notice of facts that are "not subject to reasonable dispute because [they] … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Accordingly, Joe Doe Owner presents certain facts that this court may take judicial notice of that further support its Motion. For example, Defendants' television program contains a disclaimer that the show is based on the life of Isaac Wright, Jr., a man convicted for narcotics violations in New Jersey, not murder in Alabama. (Docs. # 1-1; 5-1; 5-8; 5-9). Plaintiff is still incarcerated while Defendants' character was released from prison. (Doc. # 5-9 at 7-8). And, Defendants' character attended law school after his release from prison in order to represent others in court proceedings, not merely to aid or ghost write court filings while still imprisoned. These facts show that even if, as a general rule, fictionalized life stories were actionable, no reasonable person would find that Defendants' appropriated Plaintiff's attributes. "That's kind of like me" is not enough.

Furthermore, even if Plaintiff's allegations were sufficient to establish that Defendants used Plaintiff's indicia of identity (and, to be clear, they are not), Defendants' use of Plaintiff's indicia falls into the Right of Publicity Act's fair use exception. Section 6-5-773(b) states in relevant part that it is "not a violation of [the Right of Publicity Act] if the use of the indicia of

identity … is part of an artistic or expressive work, such as a live performance, work of art, literary work, … *motion picture, film,* [or a] *television program.*" *Id.* (emphasis added). Plaintiff alleges that the use of his identity was in the television show "For Life." His allegations fall squarely into this exception.[5] Further, Plaintiff's claims also are impermissibly in tension with the First Amendment. Here, even Plaintiff's own allegations make clear that, "[d]efendants' use of the [p]laintiff's name and likeness was for the purpose of First Amendment expression: the creation, production, and promotion of a motion picture … which integrates fictitious people and events with the historical people and events" surrounding a story of public interest. *Seale*, 949 F. Supp. 331, 337 (E.D. Pa. 1996); *see Joseph Burstyn, Inc. v. Wilson*, 343 U.S. 495, 501 (1952).

Finally, Plaintiff requests the court to grant him leave to amend so that he may add additional allegations to his Complaint. (Doc. # 33 at 1). However, these allegations, which include statements like "[Plaintiff] was married and produced a small male child," would not change the ruling on this motion and do not have any legal relevance to his claims. Thus, Plaintiff's proposed amendments to his pleading would be futile for purposes of defeating John Doe Owner's motion.

## IV. Conclusion

For all these reasons, John Doe Owner's Motion to Dismiss (Doc. # 5) is due to be granted. And, to the extent that Plaintiff's response to John Doe Owner's Motion to Dismiss is a "Motion

---

[5] There is an exception to the fair use provision, which imposes liability for a defendant's "use in an artistic work … as to constitute a copy of the person's indicia of identity *for the purposes of trade.*" *Id*. (emphasis added). However, this exception does not apply here. Alabama law excludes from the definition of "for the purposes of trade" any "use of a person's identity in news reporting, commentary, entertainment, works of fiction or nonfiction." *Id*. comment d (adopting Restatement (Third) of Unfair Competition § 47 (1995)); *see Rosa & Raymond Parks Inst. for Self Dev. v. Target Corp.*, 90 F. Supp. 3d 1256, 1262 (M.D. Ala. 2015), *aff'd*, 812 F.3d 824 (11th Cir. 2016) (explaining that many jurisdictions are "reluctant to extend the right of publicity to depictions of life-stories"); *see also Seale*, 949 F. Supp. at 336 ("[T]he use of another's name and likeness in the title of a movie does not infringe on the right of publicity since such use 'is clearly related to the content of the movie and is not a disguised advertisement for the sale of goods or services or a collateral commercial product.'" (internal citation omitted)). Again, Plaintiff claims are based on Defendants' alleged appropriation of his "life story" for use in a fictional character on a television show and is thus not actionable under the Alabama Right of Publicity Act.

to Amend," that motion (Doc. # 33) is due to be denied. The court will enter an Order consistent with this Memorandum Opinion. The Clerk of the Court is **DIRECTED** to mail a copy of this Order to Plaintiff at W.E. Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35023.

    **DONE** and **ORDERED** this July 7, 2021.

                                            _____
                                            **R. DAVID PROCTOR**
                                            UNITED STATES DISTRICT JUDGE